IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STEPHON L. WILLIAMS, )
 )
 Petitioner, )
 )   CIVIL ACTION
v. )
 )   No. 14-3113-KHV
CLAUDE MAYE, )
 )
 Respondent. )
 )

## MEMORANDUM AND ORDER

This matter is a petition for habeas corpus filed pursuant to 28 U.S.C. § 2241. Petitioner, a prisoner in federal custody, seeks relief from an administrative disciplinary finding.

For the reasons that follow, the Court denies relief.

Procedural And Factual Background

On August 15, 2013, staff at the Federal Correctional Institution in Big Spring, Texas, conducted a search for contraband. Incident to that search, staff discovered and removed from the bedpost of petitioner's bunk a plastic, sharpened instrument approximately six and one-half inches long with rubber bands on the handle (Doc. 6, Attach. 2, Ex. C.). The bunk was in an open dormitory, and other inmates had access to the items in the bunk area. Staff wrote an incident report charging petitioner with Possession, Manufacture or Introduction of a Gun, Firearm, Weapon, Sharpened Instrument, Knife, Dangerous Chemical, Explosive, Ammunition, or Any Instrument Used as a Weapon, in violation of Code 104. See 28 C.F.R. § 541.3. Staff delivered the incident report to petitioner on the evening of August 15 and advised him of his rights. Petitioner denied any knowledge of the weapon (Doc. 6, Attach. 2, Ex. E).

On August 19, 2013, petitioner appeared before the Unit Discipline Committee (UDC).

Petitioner claimed that the weapon was not his and stated that he had been assigned to the bunk for only a short time prior to the search  (Doc. 6, Attach. 2, Ex. C).

Due to the serious nature of the charge, the UDC referred the matter to the Discipline Hearing Officer (DHO).  On August 19, 2013, petitioner received a Notice of Discipline Hearing and a copy of a document entitled "Inmate Rights at Discipline Hearing."  He signed both documents and indicated that he did not want to call witnesses or have a staff representative during the disciplinary procedures (Doc. 6, Attach. 2, Exs. F-G).

On August 23, 2013, the DHO conducted a hearing on the incident report.  Petitioner gave a statement and again denied any knowledge of the item seized.  The DHO considered the documentary evidence prepared during the investigation as well as petitioner's statements, and found that petitioner had committed the act charged.  As sanctions, the DHO imposed a loss of 41 days of Good Conduct Time, 30 days in disciplinary segregation and loss of privileges for 180 days.  The DHO prepared a written report and provided petitioner a copy on September 26, 2013 (Doc. 6, Attach. 2, Ex. H).

Petitioner filed his first administrative remedy request on November 18, 2013, in the South Central Regional Office of the federal Bureau of Prisons (BOP).  The BOP rejected that submission on the grounds that it was filed at the wrong level and that petitioner had failed to submit the proper number of copies.  The rejection notice advised petitioner to submit the administrative remedy in the North Central Region (Doc. 6, Attach. 1, Ex. E).

Petitioner submitted his second administrative remedy to the North Central Region.  The BOP received that remedy request on December 18, 2013, but rejected it as untimely.  The remarks section of the form stated that staff had verified that petitioner received the DHO decision on October 17, 2013; therefore the original submission was untimely.  Id.

Petitioner submitted an appeal to the National Inmate Appeals Administrator (NIAA) in the BOP Central Office. That office received the appeal on February 5, 2014, and logged it in the database after March 4, 2014. The NIAA rejected the appeal on the ground it was filed at the wrong level; it also concurred with the earlier rejections (Doc. 6, Attach. 1, Ex. F).

Petitioner then submitted another remedy form to the Warden at the United States Penitentiary – Leavenworth (USPL). The USPL first accepted the remedy form, then voided and rejected it on the grounds that it was the wrong level to appeal the rejections and that petitioner must present the appeal of the rejection to the Central Office (Doc. 6, Attach. 1, Ex. F). Petitioner did not pursue additional appeals.

## Analysis

Exhaustion Of Remedies

An applicant for habeas corpus relief pursuant to 28 U.S.C. § 2241 must first exhaust available administrative remedies. See Garza v. Davis, 596 F.3d 1198, 1203 (10th Cir. 2010). This requirement is met through the proper use of available administrative procedures. Woodford v. Ngo, 548 U.S. 81, 90 (2006).

As a federal prisoner, petitioner must pursue relief through the BOP administrative remedy procedure. See 28 C.F.R. §§ 542.10-542.19. This process applies to all aspects of a prisoner's confinement and generally requires a prisoner to attempt informal resolution of a grievance and then pursue relief through three formal tiers of review, beginning with institution staff and appeals at the regional and national levels. See 28 C.F.R. § § 542.13-542.15.

Some exceptions exist. Notably, where a prisoner seeks review of a DHO decision, the prisoner must appeal the decision directly to the regional level where the prisoner is incarcerated. See 28 C.F.R. § 542.14(d)(2). Likewise, narrow exceptions exist where a petitioner can

demonstrate that exhaustion is futile, Garza, 596 F.3d at 1203, or where prison officials have hindered a prisoner's efforts to pursue administrative procedures. Little v. Jones, 607 F.3d 1245, 1250 (10th Cir. 2010).

Here, petitioner presented the DHO appeal at the regional level, but he filed the appeal in the wrong regional office. He also filed the appeal outside the 20-day time period allowed for filing a disciplinary appeal. The record shows the DHO Report form contains an explanation of appeal rights, including the period of 20 calendar days to file an appeal (Doc. 6, Attach. 2, p. 45), and petitioner received the form on September 26, 2013 (Id., p. 47). Petitioner states that he received the DHO report on October 18 and mailed the appeal on October 23 (Doc. 14, p. 2), but neither statement is supported by the documents of record. The weight of the evidence supports a conclusion that petitioner failed to satisfy the exhaustion requirement.

Denial Of Due Process

Petitioner challenges the disciplinary ruling on grounds of insufficient evidence, inapplicability of the constructive possession doctrine and failure to provide an impartial hearing officer.

In the context of an administrative disciplinary proceeding, due process requires that the factfinder's decision be supported by "some evidence in the record." Superintendent, Mass. Corr. Inst., Walpole v. Hill, 472 U.S. 445, 454 (1985). This standard "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." Id. at 455-56. Instead, the reviewing court must determine whether any evidence could support the decision; if so, it must uphold the decision. Id.

As support for its finding against petitioner, the DHO report identifies the following evidence: (1) the written statement of the officer who discovered the weapon and (2) a

4

photograph of the weapon (Doc.6, Attach. 2, Ex. H, pp. 44-45).  Under the standard in Hill, this is adequate support.  See Pinson v. Berkebile, 576 Fed. Appx. 710 (10th Cir. 2014)(sustaining disciplinary finding where DHO considered incident report and investigating officer's report); Howard v. United States Bureau of Prisons, 487 F.3d 808, 812 (10th Cir. 2007) (incident report sufficient to sustain finding that prisoner possessed drug paraphernalia under theory of constructive possession); and Taylor v. Wallace, 931 F.2d 698 (10th Cir. 1991)(offense report that explicitly described petitioner's participation in prison riot sufficient to sustain DHO finding).

Petitioner also seeks relief from the disciplinary finding on the ground that other inmates had access to the bedpost where the weapon was hidden.  In the Tenth Circuit, courts have upheld prison disciplinary findings of guilt where contraband was discovered in a common area accessible to multiple inmates.  See, e.g., Simon v. Jones, 550 Fed.Appx. 670, 671 (10th Cir. 2014)(cell phone and marijuana found in restroom; petitioner present when discovered); Howard, 487 F.3d at 812 (hypodermic needle and syringe discovered in petitioner's legal property outside his control during his detention in segregated housing); and Miskovsky v. Parker, 2007 WL 4563671 (W.D. Okla. 2007)(weapons found in light fixture of petitioner's cell).

Finally, petitioner argues that the DHO was not impartial.  An impartial decisionmaker is a fundamental requirement of due process that is fully applicable in the prison context.  Gwinn v. Awmiller, 354 F.3d 1211, 1220 (10th Cir. 2004).  To establish a due process violation, petitioner must provide "some substantial countervailing reason to conclude that a decisionmaker is actually biased with respect to factual issues being adjudicated."  Mangels v. Pena, 789 F.2d 836, 838 (10th Cir. 1986)(citation omitted).  Petitioner's bare allegation that the DHO failed to consider the facts is insufficient to meet that threshold.

Pending Motions

Petitioner moves for discovery (Doc. 11) and transfer of this action (Doc. 19). He seeks discovery to identify the other prisoner who occupied the bunk where the weapon was found, to identify the last time staff searched the bunk, the names of other inmates who received disciplinary reports related to contraband items found in the dormitory, and all documents related to the investigation of his disciplinary report.

Unlike the usual civil litigant in federal court, a habeas petitioner is not entitled to discovery as a matter of ordinary course. Curtis v. Chester, 626 F.3d 540, 549 (10th Cir. 2010)(quoting Bracy v. Gramley, 520 U.S. 899, 904 (1997)). Because the material sought would not entitle petitioner to relief in this action, the Court that finds petitioner has not established good cause for the discovery sought and denies the motion.

Finally, petitioner seeks to transfer this action because the BOP has transferred him to a federal prison in Adelanto, California. Petitioner commenced this action in the District of Kansas. It is well established that jurisdiction attaches on the initial filing for habeas corpus relief and is not destroyed by a transfer of the petitioner. Santillanes v. U.S. Parole Comm'n, 754 F.2d 887, 888 (10th Cir. 1985). The Court therefore denies the motion.

**IT IS THEREFORE ORDERED** that petitioner's application for habeas corpus is dismissed and all relief is denied.

**IT IS FURTHER ORDERED** petitioner's Motion For Discovery And Production Of Documents (Doc. 11) is **OVERRULED**.

**IT IS FURTHER ORDERED** that petitioner's Motion For Transfer Order (Doc. 19) is **OVERRULED**.

Dated this 1st day of October, 2015 at Kansas City, Kansas.

                                                      s/Kathryn H. Vratil
                                                      KATHRYN H. VRATIL
                                                      United States District Judge