IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| STEPHON L. WILLIAMS,          )<br>                                                      )<br>           Petitioner,                 )<br>                                                      )     CIVIL ACTION<br>v.                                                  )<br>                                                      )     No. 14-3113-KHV<br>CLAUDE MAYE,                        )<br>                                                      )<br>           Respondent.              )<br>_____) | |

## MEMORANDUM AND ORDER

On October 1, 2015, the Court denied relief in this habeas corpus action. On October 19, 2015, petitioner filed a <u>Motion To Alter Or Amend Judgment</u> (Doc. #26). Having reviewed that motion, the Court denies relief.

## Legal Standards

Under Rule 59(e), Fed. R. Civ. P., a party may move the Court to alter or amend a judgment based upon (1) an intervening change in the controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice. <u>Servants of Paraclete v. Does</u>, 204 F.3d 1005, 1012 (10th Cir. 2000).

## Analysis

Petitioner seeks relief on five grounds, namely: (1) the Court misconstrued facts when it found that petitioner participated in a race riot; (2) the Court failed to find that the Discipline Hearing Officer ("DHO") committed fraud in stating that petitioner had received certain documents on September 26, 2013; (3) the Court erred in stating that the DHO was fair and impartial; (4) the Court erred in stating that prison personnel had conducted an investigation; and

(5) the Court erred in finding that petitioner had failed to timely file an administrative appeal (Doc. #26, pp. 1-2).

The Court rejects these claims. First, the Court's memorandum and order does not mention a riot or rely on any record reference to a riot. Next, petitioner's claims of fraud by the DHO and the Court's finding that petitioner failed to timely exhaust must fail because the Court also found that petitioner had received adequate due process in the administrative disciplinary proceedings. Finally, petitioner's challenge the adequacy of the investigation and the impartiality of the DHO are unsupported and do not rely on new evidence. The Court finds no ground for relief from judgment.

**IT IS THEREFORE ORDERED** that petitioner's Motion To Alter Or Amend Judgment (Doc. #26) filed October 19, 2015 be and hereby is **OVERRULED**.

Dated this 31st day of May, 2016 at Kansas City, Kansas.

s/Kathryn H. Vratil  
KATHRYN H. VRATIL  
United States District Judge